IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOLAMERE CAPITAL, a Massachusetts limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. DiMANNO, an individual, and ACCUIRE, LLC, a Florida limited liability company,<br><br>Defendants. | MBD No. 22-91197 |

**SOLAMERE CAPITAL'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO QUASH THIRD-PARTY SUBPOENA; MEMORANDUM OF LAW IN SUPPORT THEREOF**

Solamere Capital ("Solamere") hereby moves, pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, to quash the subpoena to testify issued to Solamere by Michael A. DiManno and Accuire, LLC in connection with litigation of *Amazing Insurance, Inc. v. Michael DiManno, et al.*, 2:12-cv-01349 (E.D. Cal.) ("California Action").

This motion is brought on the grounds that the subpoena is impermissibly burdensome under Federal Rules of Civil Procedure 26 and 45, particularly because Solamere is not a party to the California Action; Solamere's officers, directors, and employees have no personal knowledge regarding the issues raised in the dispute; the information sought by the subpoena can be more easily obtained through other sources, including party discovery, and Plaintiffs have not met, and cannot meet, the high burden of requiring discovery from a non-party.

This motion is based on this Notice of Motion and Memorandum of Law in Support Thereof, the Declaration of Allison W. Buchner and exhibits attached thereto, and such other

matters as may be considered at the hearing. The time and date for the hearing will be set by the Court once the matter is assigned to a Judge.

I.   INTRODUCTION

Accuire LLC's ("Accuire") and Michael DiManno's ("Mr. DiManno," and collectively with Accuire, "Defendants") subpoena to non-party Solamere Capital ("Solamere") is not a legitimate effort to obtain relevant discovery from a non-party. It is nothing more than an effort by Defendants to harass, annoy, and embarrass their adversary in a lawsuit pending in California ("the California Action"), and to conduct an unfettered fishing expedition into matters wholly irrelevant to the claims at issue in that litigation, which does not involve Solamere.

Defendants' dispute is with Accuire's part-owner Amazing Insurance, Inc. ("Amazing") and Amazing's sole owner Alex Campos ("Mr. Campos"). Solamere is not a party to the California Action and holds no ownership interest in Amazing or any other party to that case. Solamere has a separate business relationship with Mr. Campos, which Defendants have identified and seek to interfere with through the issuance of the subpoena. Solamere and its officers and directors have no personal knowledge of facts relevant to the California Action, the information sought by the Subpoena is overbroad and irrelevant to the California Action, and even if the information sought were relevant, it could be obtained through less burdensome means, including party discovery. Accordingly, the Defendants' subpoena should be quashed.

II.   RELEVANT FACTUAL BACKGROUND

A.   The California Action

The California Action arises from a dispute between plaintiff Amazing and Defendants Accuire, a staffing services company, and its part-owner, Mr. DiManno. The dispute relates to Mr. DiManno's mismanagement of Accuire, which resulted in Accuire's repeated failure to fulfill financial obligations. As a result of Mr. DiManno's management, Amazing, which holds an ownership interest in Accuire, initiated the California Action in part to enjoin Mr. DiManno from

3

continuing to exercise control over Accuire. Defendants filed a counter-complaint, naming individuals, including Mr. Campos, the owner and CEO of Amazing, as third-party defendants, alleging improper practices related to Amazing's ownership interest in Accuire. Solamere is not a party to—and does not hold any ownership interest in—any party to the California Action.

### B. Defendants' Subpoena to Non-Party Solamere

Defendants initially issued a subpoena to non-party Solamere in May 2021. Ex. 1.[1] At the time, fact discovery was set to close in the California Action on May 31, 2021. Ex. 2, ECF No. 83. The subpoena sought a Solamere witness to testify about ten broad "Topics for Discussion," including, *inter alia*, "**Solamere's** expectations in regard to its investment in Vensure,"[2] "the terms of Solamere's investment in Vensure," **all** of **Solamere's** "policies and procedures . . . regarding due diligence," "the relationship between Vensure, Alex Campos and Amazing Insurance, Inc.," and even "***any information***" provided to Solamere from David Glenn (another non-party, who is not employed by Solamere) regarding the "***business and/or personal reputations***" of Mr. Campos. Ex. 1 at 8-10.[3] Defendants' subpoena also included six sweeping requests for production, seeking (amongst other things) documents constituting "***[a]ll information pertaining to business proposals*** . . . Alex Campos gave to Solamere," "***[a]ll information containing terms of the agreement*** for Solamere's investment in Vensure," and "***[a]ll information pertaining to Solamere's due diligence*** into Alex Campos or Vensure." *Id.*

---

[1] Exhibits 1-6 referenced herein refer to the exhibits described in and attached to the Declaration of Allison W. Buchner ("Buchner Decl.") in Support of Solamere Capital's Notice of Motion and Motion for Protective Order to Quash Subpoena attached hereto as Exhibit A.

[2] "Vensure" refers to Vensure Employer Services, Inc., one of the many companies in which Solamere, a private equity investment firm, has directly or indirectly invested. Vensure is indirectly owned in part and managed by Mr. Campos and is **not a party to the California Action**.

[3] All emphasis added unless otherwise noted.

Shortly after Solamere received Defendants' initial subpoena, counsel for Solamere contacted Defendants' counsel, indicating that Solamere was not available for deposition on the noticed date (which was less than a week later), and requested to meet and confer regarding the subpoena. Ex. 3 at 12. When the parties conferred, Defendants' counsel agreed to take the deposition (and document production date) off calendar, indicated the discovery deadline was going to be extended, and said he would come back to Solamere's counsel with new dates once the discovery timeline was more certain. Buchner Decl. ¶ 8. The court in the California Action has since extended the fact discovery deadline (at the request of the parties to that case) multiple times. *See generally* Ex. 2.

Over four months later on October 19, 2021, Defendants' counsel emailed counsel for Solamere requesting to schedule Solamere's deposition. Ex. 3 at 10-11. During a subsequent phone call, Solamere's counsel again indicated to Defendants' counsel that Solamere was considering filing a motion to quash the subpoena, and Defendants' counsel indicated he would prepare another subpoena with a new return date. Buchner Decl. ¶¶ 8-9.

Solamere heard nothing from Defendants until more than four months later, on March 3, 2022, when Defendants' counsel once again emailed counsel for Solamere, indicating Defendants' intent to serve a new subpoena and requesting a call. Ex. 3 at 7-8. The parties conferred, with Solamere's counsel again explaining Solamere's intent to move to quash any non-party subpoena issued to it. Buchner Decl. ¶ 8-9. A month later (and almost a full year after the initial subpoena), Defendants' counsel issued a revised subpoena. *See* Ex. 4.[4] While the latest subpoena includes a few less deposition topics, the scope of the topics and document requests remains largely

---

[4] On April 18, 2022 and again on April 27, 2022, at the request of Solamere's counsel (who was ill with COVID), Defendants' counsel consented to an extension of the subpoena compliance date to allow additional time to file this motion. Ex. 3-5; Buchner Decl. ¶ 5.

5

unchanged from Defendants' initial subpoena, seeking broad categories of information unrelated to the California action, in which **neither Solamere or Vensure are parties**. *See* Ex. 4 at 8-9.[5]

When counsel for Solamere conferred with Defendants' counsel regarding Defendants' subpoenas and this motion, the only (purported) basis Defendants' counsel identified for seeking discovery from non-party Solamere is that Solamere made an investment in Vensure, which is also partly owned by Mr. Campos. Buchner Decl. ¶ 9. When pressed on the fact that the information Defendants sought from Solamere (*e.g.*, information about **Solamere's purchase of Vensure**, disclosures made ***by Vensure to Solamere***, etc.) could more easily be obtained through party discovery from Mr. Campos, Defendants' counsel's only response was that Defendants' counterclaims against Mr. Campos in the California Action include fraud claims, Defendants' do not trust Mr. Campos and are skeptical of whether he would satisfy party discovery obligations, and "should not have to wait" for him to do so. *Id.*; Ex. 1 at 8-10, Ex. 4 at 8-9. Defendants' counsel did not identify any particular documents or information (1) in Solamere's possession (2) relevant to the California Action (3) that Defendants requested but did not receive from Mr. Campos (or any other party to the California Action). Buchner Decl. ¶ 9. Solamere was thus left with no choice but to move to quash this Subpoena.

## III. ARGUMENT

Under Federal Rule of Civil Procedure 26(b)(2), "the court must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or

---

[5] Tellingly, while Defendants' initial subpoena requested "all information demonstrating that Solamere inquired *into the criminal records of [Mr. Campos]*" (Ex. 1 at 9), their later subpoenas do not include that request. Ex. 4 at 8-9; Ex. 5 at 8-9. That Defendants included, but then voluntarily withdrew, such a request underscores Defendants' true intentions—to raise Solamere's suspicions about Mr. Campos, not a bona fide attempt to obtain information relevant to the California Action. And to be sure, ***Solamere's*** knowledge of Mr. Campos's criminal history has no relevance to the claims at issue in the underlying litigation, just as ***Solamere's*** general processes and procedures regarding its diligence process have no relevance.

duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See also Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985). It also requires that discovery be limited if the burden or expense of such discovery outweighs its probable benefits. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). The First Circuit has recognized that 'concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight'" under the Rule 26 analysis. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); *see also United Therapeutics Corp. v. Watson Lab'ys, Inc.*, 200 F. Supp. 3d 272, 277 (D. Mass. 2016) ("When it comes to assessing burden, courts are generally more solicitous of non-parties.").

Federal Rule of Civil Procedure 45 further underscores a court's duty to prevent undue burden or expense imposed by a deposition subpoena:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorneys' fees—on a party or attorney who fails to comply.

Rule 45 requires courts to "quash or modify a subpoena if the subpoena 'subjects a person to undue burden.'" *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003) (quoting Fed.R.Civ.P. 45).

Courts in this Circuit routinely apply these principles to protect non-parties like Solamere from burdensome discovery by granting motions to quash, particularly where, as here, the subpoena seeks information also available from party discovery. *See, e.g., Heidelberg*, 333 F.3d at 41-42 (affirming district court's decision granting motion to quash non-party subpoena); *Cusamano*, 162 F.3d at 717 (affirming district court's decision denying non-party discovery); *United Therapeutics Corp.*, 200 F. Supp. 3d at 280 (weighing burden of compliance to non-party against relevance of information sought and denying party's motion to compel non-party discovery). The same result is required here.

### A.     Defendants' Subpoena Must Be Quashed Because It Seeks Information that is not Relevant to the California Action.

As an initial matter, Defendants' subpoena seeks information about Solamere's investment in *Vensure*, another non-party to the California Action. That information is not relevant to the dispute between DiManno, Accuire, Amazing, and Mr. Campos. *See also* Section II.B, *supra*; Ex. 4 at 8-9. Information regarding, *inter alia*, "[t]he purpose and nature of the relationship between ***Solamere and Vensure***," (*id.* at 8) "internal policies or procedures regarding ***Solamere's*** due diligence process," (*id.* at 9) and "***Solamere's*** knowledge of a relationship between Vensure, Alex Campos and Amazing Insurance" (*id.*) has no relevance to the California Action, to which neither Solamere nor Vensure are parties.

In *Heidelberg*, the First Circuit affirmed the district court's decision to quash non-party Heidelberg's subpoena on similar facts. 333 F.3d at 41-42. There, the subpoena required Heidelberg, whose only connection to the litigation was that it had previously engaged in acquisition talks with the plaintiff to the underlying litigation, to produce "all documents received, reviewed or generated by Heidelberg . . . relating to the possible acquisition of (a) an ownership interest in [the plaintiff in the underlying litigation], or (b) any other type of business affiliation with [the plaintiff in the underlying litigation]." *Id.* at 40. The requesting party argued that information about Heidelberg's "assessment of [the plaintiff in the underlying litigation] . . . likely contained an assessment of [its] management that could substantiate [requesting party's] . . . theory" in the underlying litigation. *Id.* at 41. The district court flatly rejected that argument, quashed the subpoena, and the First Circuit affirmed. *Id.* at 41-42.

The information sought by Defendant's subpoena is even further removed from the underlying litigation than that at issue in *Heidelberg*. In that case, the subpoena sought information regarding non-party Heidelberg's assessment of and diligence relating to a party to the underlying

8

litigation. *Id.* at 40. Here, Defendants seek information regarding Solamere's acquisition of a company that is not even a party to the underlying litigation. Defendants cannot satisfy their burden to show relevance. Their subpoena should be quashed on that basis alone.

      **B.     Defendants' Subpoena Must Be Quashed Because It Seeks Information That Can Be More Easily Obtained From Other Sources.**

Even if Defendants could show that the information sought has some relevance to the California Action (and they cannot), Defendants' purported need for that information is outweighed by the burden to Solamere and thus the subpoena should be quashed on that basis as well. Rule 26 requires a proportionality analysis; that is, weighing the relevancy of or parties' need for particular discovery against the availability of other means of obtaining the discovery and the burden on the subpoenaed party of complying with the subpoena. Importantly, in assessing burden, courts accord special weight when the discovery sought is from a non-party, like Solamere. *See, e.g.*, *id.* at 41; *United Therapeutics*, 200 F. Supp. 3d at 277.

Courts in this Circuit routinely deny non-party discovery where the information sought can be obtained from parties to the underlying litigation. For instance, in *E.E.O.C. v. Texas Roadhouse, Inc.*, the court quashed non-party subpoenas issued to the plaintiffs' employers, noting that the same information could be obtained through party discovery from the plaintiffs. 303 F.R.D. 1, 3 (D. Mass. 2014) ("Subpoenas to employers . . . are not the only way to obtain this information. . . . [D]efendants are free to depose claimants under oath about the details of their subsequent jobs[.]"). And in *Ponder v. Ocwen Loan Servicing, LLC*, the court quashed a subpoena issued to defendant's auditing firm (Stoneturn), noting that the information sought by the subpoena "appear[ed] to largely consist of documents given to Stoneturn by [the defendant]." *Id.* The *Ponder* court thus found that it was improper for the defendant to burden non-party Stoneturn with the production of information that it could get from the defendant. 2019 WL 2249675, at *2 (D.

Mass. May 24, 2019); *see also Xiao Wei Catering Linkage in Inner Mongolia Co. Ltd. v. Inner Mongolia Xiao Wei Yang USA, Inc.*, 2018 WL 1567604, at 3-5 (D. Mass. March 30, 2018) (quashing subpoena and sanctioning party who issued third-party subpoena in an effort to circumvent limits on party discovery); *Phillips Medical Systs. Puerto Rico, Inc. v. Alpha Biomedical and Diagnostic Corp.*, 2020 WL 12604854, at *2 (D.P.R. Aug. 12, 2020) (quashing non-party subpoena seeking information that could have been obtained from party).

Here, the information sought by Defendants' subpoena is indisputably obtainable through other means of discovery, including party discovery. Defendants' counsel acknowledged as much. *See* Section II.B, *supra*; Buchner Decl. ¶ 9. Defendants have propounded document requests and other written discovery on both Mr. Campos and Amazing, and deposed Mr. Campos under oath multiple times, including as a 30(b)(6) designee of non-party Vensure, and he provided information regarding his dealings with Solamere and its investment in Vensure. Defendants also sought and received discovery from non-party Vensure and could have easily asked Vensure for the information Defendants now seek from Solamere. *Id.* at ¶ 6; Ex. 6.

Moreover, just as in *Ponder*, the information sought from Solamere is largely ***information provided by Vensure to Solamere***, so Solamere is not uniquely in possession of that information; it can be obtained from other sources, including Mr. Campos (a party) and/or Vensure. 2019 WL 2249675, at *2; *see also* Ex. 4 at 8-9 (requesting "disclosures made by Vensure and/or Alex Campos to Solamere," documents "provided to Solamere in the negotiations leading to Solamere's investment in Vensure," and the terms of the agreement between Solamere and Vensure. On this record, Defendants have no proper basis to enforce their subpoena and it should be quashed.

    **C.    Defendants' Subpoena Should Be Quashed Because It Was Issued For An Improper Purpose.**

As explained above, Defendants have no genuine ***need*** to obtain the subpoenaed

information from Solamere, which Defendants well know. Tellingly, Defendants' subpoena to non-party Vensure did not seek the information Vensure provided to Solamere, which Vensure would necessarily also possess. Ex. 5. That Defendants issued their subpoena to Solamere seeking information they could have sought from Vensure (but did not seek) and information easily obtainable from Mr. Campos, a party to the California Action, underscores Defendants' true motive in subpoenaing Solamere: to harass and embarrass Mr. Campos, smear his reputation with Solamere, and conduct an impermissible "fishing expedition."

Federal Rule of Civil Procedure 26 allows courts to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *See* Fed. R. Civ. P. 26(c)(1); *see also E.E.O.C.*, 303 F.R.D. at 2 (citing Rule 26 and quashing subpoenas issued to plaintiffs' current employers which could negatively impact their relationship with those employers); *Liberty Mutual Insurance Co. v. Diamante*, 194 F.R.D. 20, 22 (D. Mass. 2000) (quashing non-party subpoena issued for the improper purpose of inducing party to comply with previously issued subpoenas). Because Defendants' subpoena to Solamere was issued for the improper purpose of embarrassing or harassing Mr. Campos and interfering with his business relationship with Solamere, it should be quashed.

Courts likewise quash subpoenas (as here) that amount to improper "fishing expedition[s]." For example, in *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, the First Circuit affirmed the district court's grant of motions to quash non-party subpoenas that sought information the defendant had the opportunity to get from party discovery. 244 F.3d 189, 193 (1st Cir. 2001). In so holding, the Court noted the subpoena's "request(s) w[ere] belated, duplicative and cumulative" and thus it would constitute an "undue burden" on the non-party "to permit such a fishing expedition." *Id.* Defendants' subpoena is likewise duplicative and cumulative and constitutes an

11

improper fishing expedition and thus should be quashed.

## IV. CONCLUSION

For the reasons discussed above, Solamere respectfully requests that the Court grant its motion to quash and issue a protective order to prevent non-party discovery from Solamere.

Dated: April 29, 2022

Respectfully submitted,

By: */s/ Kristina R. Cary*
Kristina R. Cary (BBO 688759)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA  02116
Telephone:  (617) 385-7500
Facsimile:  (617) 385-7501
kristina.cary@kirkland.com

Allison W. Buchner (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA  90067
Telephone:  (310) 552-4200
Facsimile:  (310) 552-5900
allison.buchner@kirkland.com

ATTORNEY FOR PLAINTIFF
(APPLICANT) AND NON-PARTY
SOLAMERE CAPITAL

## CERTIFICATION

I hereby certify that in accordance with LR 7.1 (a)(2), counsel for Plaintiff Solamere Capital ("Solamere") and counsel for Defendants Accuire LLC's ("Accuire") and Michael DiManno met and conferred, in good faith regarding resolution of this motion, but were not able to reach agreement.

*/s/ Kristina R. Cary*
Kristina R. Cary

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on NEF(NEF) and copies will be send to those indicated as non-registered participants on April 29, 2022.

*/s/ Kristina R. Cary*
Kristina R. Cary
